**SO ORDERED.**

**SIGNED this 02 day of February, 2011.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                               CHAPTER 7
                                                                                CASE NO. 09-04409-8-RDD

**WILLIAM EARL SHAW, JR.,**

        **DEBTOR**

**ORDER DENYING MOTION TO REOPEN CASE**

Pending before the Court is the Motion to Reopen Case for Cause filed by Paul and Mary Tortorete (the "Movants") on November 16, 2010 (the "Motion") and the Response and Objection to Motion to Reopen Case filed by William Earl Shaw, Jr. (the "Debtor") on December 2, 2010 (the "Response"). The Court conducted a hearing on December 21, 2010 in Wilson, North Carolina to consider the Motion and the Response.[1]

---

[1] Counsel for the Movants moved to admit into evidence the affidavit of Mary Lou Tortorete, in lieu of live testimony. Counsel objected to the Court allowing this affidavit based on hearsay. Counsel for the Debtor stated that he had no opportunity to cross exam Mary Lou Tortorete regarding the statements contained in the affidavit. The affidavit attempts to introduce an out of court statement that is being offered to prove the truth of the matter asserted. Hearsay is inadmissible unless it falls within a recognized exception to the hearsay rule. The affidavit of Mary Lou Tortorete does not fall within any of the exceptions. Therefore, the affidavit constitutes improper hearsay evidence that is inadmissible. As a result, the objection to admitting the affidavit as evidence was sustained.

## BACKGROUND

On May 27, 2009, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtor was the president and fifty percent (50%) owner of Cornerstone Log & Timber Homes, Inc. ("Cornerstone"). Cornerstone also filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 30, 2009.[2] The Schedule F filed by the Debtor, listed the Movants as possessing an unsecured claim in the amount of $41,500.00 based on a debt owed by Cornerstone.[3] The debt was listed as disputed.

In the Debtor's proceeding, the deadline for filing a complaint objecting to the discharge of the Debtor was August 24, 2009. On August 24, 2009, the Movants filed an Amended Motion to Extend Time to File a Complaint Objecting to Dischargeability of Debt, for the purpose of determining whether an objection should be filed. The Debtor did not oppose such extension. The Court entered an order, on August 28, 2009, granting extension of time and the deadline to file a complaint was extended by sixty (60) days "up to and including October 23, 2009." On October 23, 2009, the Movants filed their Second Motion to Extend Time to File a Complaint Objecting to the

---

[2]On December 6, 2010, the Movants filed a Motion for Relief From Automatic Stay in the Cornerstone bankruptcy case. *See*, Case No. 09-04503-8-JRL. Movant's Motion for Relief From Automatic Stay requests relief for the same purpose as stated in the current Motion, which is to report, to the extent of their knowledge, conduct that may give rise to criminal liability to an appropriate law enforcement agency. A hearing was held on January 24, 2011, and the matter is currently under advisement.

[3]While Schedule F listed the amount of unsecured debt as $41,500.00, Movants' Motion states that the Movants "paid a total of approximately $233,199.41 towards the acquisition of materials and construction of the log home, . . . and none of the money . . . was ever returned." Additionally, the construction contract, submitted in connection with the Motion, states that deposits in the amounts of $13,500.00 and $47,300.00 are both due upon execution of contract. Cornerstone's Schedule F, lists the Movants as possessing an unsecured claim in the amount of $41,500.00 based on the balance owed for cancellation of contract. The debt is not listed as disputed.

Debtor's Discharge and Dischargeability of Certain Debts, for the purpose of reviewing documents provided pursuant to [Cornerstone's] Rule 2004 production and to determine whether Movants should pursue a cause of action. The Debtor did not oppose the second extension. The Court entered an order on October 26, 2009 granting the extension of time and the deadline to file a complaint was extended by 15 days "up to and including Monday, November 9, 2009." The Movants failed to file a complaint objecting to the discharge of the Debtor or the dischargeability of the debt owed to them. Subsequently entered an Order Discharging the Debtor on December 23, 2009.

At the hearing on December 21, 2010, counsel for the Movants represented that the Movants' claim arises from the purchase of a log home. The Movants entered into a construction contract with Cornerstone for a turnkey log home material package. Counsel represented that the Movants paid a total of $233,199.41 towards the acquisition of materials and construction of the log home. The log home was never delivered to the Movants by Cornerstone and none of the money the Movants paid towards the log home was ever refunded.

The Movants now seek to reopen the Debtor's case, for the purpose of determining whether the Movants are enjoined under 11 U.S.C. § 524(a) from presenting the facts of their dealings with Cornerstone and Debtor to the appropriate law enforcement agencies or other governmental authorities. Specifically, Movants contend that the Debtor's conduct was criminal and fraudulent when the Debtor, individually, and as president of Cornerstone, accepted funds from the Movant and failed to deliver the log home materials package to Movants.[4]

---

[4]An argument can be made that such criminal investigations or referrals may not violate the discharge injunction of 11 U. S. C. § 524(a), in that this section contains no specific reference to commencement or continuation of criminal proceedings, being enjoined by the

3

The Debtor contends that the Movants had ample opportunity to review all documents to which the Movants, Cornerstone and the Debtor were parties, prior to the Debtor's discharge and that the Movants have failed to establish cause to reopen the Debtor's case.

11 USC § 350(b) provides that a bankruptcy court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." Reopening a closed case is within the court's discretion. *Hawkins v. Landmark Finance Co. (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir. 1984). To reopen a case, the party moving bears the burden of proof. *In re Lee*, 356 B.R. 177, 180 (Bankr. N.D.W.Va. 2006) (citing *In re Cloniger*, 209 B.R. 125, 126 (Bankr. E.D.Ark. 1997).

The Court agrees with the Debtor and finds that the Movants have failed to carry their burden of proof. The case will not be reopened to allow the Movants the opportunity to then file a

---

discharge. 11 U.S.C. § 524(a) (a discharge in a bankruptcy case "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . ."). *But see*, *In re Jesse Negrete and Joyce Negrete*, Case No. 07-00540-8-JRL (Bankr. E.D.N.C. August 10, 2009) (observing that:
> [o]nce a debtor files a petition for bankruptcy, a disgruntled creditor may not then approach a governmental prosecutorial entity in order to prompt a criminal action to recover debt. If the creditor already has complained to authorities by the time a petition is filed, those authorities may commence or continue a criminal prosecution . . . as they see fit. But if the debtor files for bankruptcy before a creditor complains to prosecuting authorities, that complaint . . . may constitute a violation of the automatic stay or discharge injunction.

(citing *In re Byrd*, 256 B.R. 246, 252 (Bankr. E.D.N.C. 2000); *See also, In re Dalton*, 966 F.2d 1025, 1028 (6th Cir. 1992) (noting that creditors cannot employ the criminal process to collect otherwise dischargeable debts. However, "[t]he mere fact that a debt has been discharged in bankruptcy does not preclude a criminal action from proceeding based on the debtor's alleged criminal conduct in relation to the debt."). Therefore, was it even necessary for Movants to move to reopen the case for the purpose of the Movants to then file a motion for the purpose of determining whether discussing the matter with law enforcement or the Office of the District Attorney would violate the discharge injunction? This issue is not before the Court at this time and probably would not come before the Court, unless the Movants sought to institute a criminal proceeding against the Debtor, and the Debtor moved to hold the Movants in willful contempt for violation of the discharge injunction.

motion for this Court to determine if the pursuit of a criminal investigation, criminal action or criminal proceeding against the Debtor, approximately one year after the Debtor's discharge, is not a violation of the discharge injunction. Prior to the Debtor's discharge, the Movants were granted two extensions of time for the purpose of reviewing documents provided in connection with the Rule 2004 Examination of Cornerstone and to consider filing a complaint.[5] The Movants had ample opportunity to pursue criminal proceedings against the Debtor prior to the entry of the Debtor's discharge and have failed to establish cause as to why the Court should reopen the Debtor's case at this late date.[6] "It is . . . no exaggeration to say that the very functioning of the bankruptcy system

---

[5] Although, there is no time limit on the bankruptcy court's ability to reopen a case, "the length of time between the estate's closing and the motion to reopen it should be 'of crucial significance' to the bankruptcy court." *In re Plumlee*, 236 B.R. 606, 610 (E.D.Va. 1999) (citing *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962). "[A]s the time between closing of the estate and its reopening increases, so must also the cause for reopening increase in weight." *Id.* Motions to reopen should be brought without unnecessary delay and within a reasonable time. *In re Borer*, 73 B.R. 29, 31 (Bankr. N.D.Ohio 1987) (denying motion to reopen case, when movant showed lack of diligence, and neglect when he did not file application for attorney's fees until eight months after the case was closed.) Here, it appears from the docket that the Movants had counsel on August 20, 2009, and on September 30, 2009, the Movants obtained different counsel. Movants have had active counsel for a year and a half. After obtaining two extensions of time, Movants failed to file a complaint objecting to the Debtor's discharge. Debtor's discharge was entered December 23, 2009 and this motion to reopen was not filed until November 16, 2010, some eleven months after entry of the discharge. Because the Movants did not proceed without unnecessary delay, the "cause for reopening increases in weight." *In re Plumlee*, 236 B.R. at 610 (citing *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962)).

[6] The Court makes no determination as to whether or not the providing of evidence in a criminal investigation, criminal action, or criminal proceeding involving the debtor by a scheduled creditor is a violation of the discharge order. The motion under consideration in the case at bar is simply a motion to reopen the case pursuant to 11 U. S. C. § 350(b), and not a motion to determine whether or not such actions might violate the discharge injunction. Movant states that if the case is reopened, a motion to determine if such actions would be a violation of the discharge injunction would be forthcoming. Such a request might well be a request for this Court to give an advisory opinion, and would not rise to the level of a case or controversy, as is constitutionally required. U.S. Const. Art. III § 2. Had Movants more timely desired to pursue a criminal investigation, criminal action, or criminal proceeding involving the Debtor while his bankruptcy case was pending and prior to the entry of the discharge, a motion for relief from

is dependent on its finality." *In re Cross*, 2008 WL 824282 at * 3 (Bankr. E.D.N.C. 2008) (citing *Bosinger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).  At least where the administration of this bankruptcy case is concerned, there comes a time for finality to attach, and in this case, that point has passed.

Therefore, the Motion to Reopen Case for Cause is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**

---

stay, or in the alternative, a motion to determine if the 11 U. S. C. § 362(b)(1) exception to the automatic stay applied, may have been more appropriate as Movants have done in the Cornerstone case.  *See supra* note *2*.